1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

WESTERN DISTRICT OF WASHINGTON

10

TACOMA DIVISION

11

ATAIN SPECIALTY INSURANCE
COMPANY, a Michigan corporation,

12

Plaintiff,

13

v.

14

AMCE PHYSICIANS GROUP, a Utah for-
profit corporation; JEREMY SENSKE, an
individual; KATIE N. MOSS, an individual;
and CODY L. MACFADYEN, an
individual,

15
16
17

Defendants.

18

Case No. 3:21-cv-5689

**ATAIN SPECIALTY INSURANCE
COMPANY'S COMPLAINT FOR
DECLARATORY RELIEF**

19

Plaintiff, Atain Specialty Insurance Company, for its Complaint for Declaratory

20

Relief against defendants AMCE Physicians Group, a Utah for-profit corporation, Jeremy

21

Senske, an individual, Katie N. Moss, an individual and Cody L. MacFayden, an

22

individual, alleges as follows:

23

### I.    PARTIES AND JURISDICTION

24

1.1    Plaintiff Atain Specialty Insurance Company ("Atain") is a corporation

25

organized and incorporated under the laws of the State of Michigan with its principal

26

place of business in Farmington Hills, Michigan.

27

1.2    AMCE Physicians Group ("AMCE") is a Utah for-profit corporation with

28

its principal place of business in Hopper, Utah.

1.3    Jeremy Senske ("Senske") is an individual residing in Puyallup, Washington.

1.4    Katie N. Moss is an individual residing in Washington.

1.5    Cody L. MacFadyen is an individual residing in Washington.

1.6    This is an action for declaratory judgment pursuant to Declaratory Judgment Act, 28 U.S.C. §§2201-2202 to determine an actual case or controversy between the parties.

1.7    This court has jurisdiction pursuant to 28 U.S.C. §1332 because this matter involves citizens of different states and the amount in controversy exceeds $75,000.00.

1.8    Venue is proper in the Western District of Washington, Tacoma Division, pursuant to 28 U.S.C. §1391(b)(1) and (c)(2) in that defendant AMCE transacts business within this district, and Defendant Jeremy Senske resides within this district. Venue is also proper in this district pursuant to 28 U.S.C. §1391(b)(2) as the accident giving rise to this Action occurred in this district.

## II.    FACTUAL ALLEGATIONS

2.1    Atain reasserts the allegations set forth in paragraphs 1.1-1.8 above as though fully set forth herein.

**A.    The Atain Policy**

2.2    Atain issued Policy No. CIP387592 to AMCE the policy period July 30, 2019, through July 30, 2020. The policy provides commercial general liability coverage pursuant to the terms, conditions, limitations, exclusions, and endorsements contained therein. A true and correct copy of Policy No. CIP387592 is attached hereto as **Exhibit A** and incorporated herein by reference as if set forth in its entirety.

2.3    The policy affords general liability coverage under Commercial General Liability Coverage Form CG 00 01 (04/13).

2.4    Commercial General Liability Coverage Form CG 00 01 (04/13) includes Coverage A—Bodily Injury and Property Damage Liability, which states:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

* * *

        **b.**    This insurance applies to "bodily injury" and "property damage" only if:

            **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

* * *

2.5    Coverage A—Bodily Injury and Property Damage Liability contains the following exclusion:

    **2.**    **Exclusions**

This insurance does not apply to:

        **g.**    **Aircraft, Auto Or Watercraft**[1]

This insurance does not apply to:

* * *

            **(2)**    "Bodily injury" or "property damage" arising out of or in connection with any "auto" unless as outlined below….

* * *

        This exclusion applies to "bodily injury" or "property damage" arising out of any aircraft, "auto", or watercraft, whether or not owned, maintained, used, rented, leased, hired, loaned, borrowed, or entrusted to others or provided to another by any insured.

        This exclusion applies even if the claims allege

---

[1] As amended by Endorsement AF 000 899 (03/2014)

negligence or other wrongdoing in the supervision, hiring, employment,        entrustment, permitting, training or monitoring of others by an insured.

This exclusion applies even if the claims against any insured allege direct or vicarious liability.

This exclusion does not apply to:

\* \* \*

**(3)**   Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented to your or any insured.

\* \* \*

2.6   Commercial General Liability Coverage Form CG 00 01 (04/13) defines "auto" as:

**2.**   "Auto" means:

**a.**   A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

**b.**   Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

2.7   Commercial General Liability Coverage Form CG 00 01 (04/13) includes Coverage B—Personal And Advertising Injury Liability, which states:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.   Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply….

\* \* \*

**b.**   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage

1    territory" during the policy period.

2       2.8      Commercial General Liability Coverage Form CG 00 01 (04/13) defines

3   "personal and advertising injury" as follows:

4          **14.**      "Personal and advertising injury" means injury, including
                        consequential "bodily injury", arising out of one or more of the
5                       following offenses:

6                **a.**      False arrest, detention or imprisonment;

7                **b.**      Malicious prosecution;

8                **c.**      The wrongful eviction from, wrongful entry into, or
                            invasion of the right of private occupancy of a room,
9                           dwelling or premises that a person occupies, committed
                            by or on behalf of its owner, landlord or lessor;
10

11               **d.**      Oral or written publication, in any manner, of material
                            that slanders or libels a person or organization or
                            disparages a person's or organization's goods, products or
12                          services;

13               **e.**      Oral or written publication, in any manner, of material
                            that violates a person's right of privacy;
14

15               **f.**      The use of another's advertising idea in your
                            "advertisement"; or

16               **g.**      Infringing upon another's copyright, trade dress or slogan
                            in your "advertisement".
17

18      2.9      Coverage Form CG 00 01 (04/13) includes **COVERAGE C—MEDICAL**

19   **PAYMENTS**, which states:

20          **1.**      **Insuring Agreement**

21               **a.**      We will pay medical expenses as described below for
                            "bodily injury" caused by an accident:

22                                          * * *

23                    **(3)**      Because of your operations; provided that:

24                          **(a)**      The accident takes place in the "coverage
25                                      territory" and during the policy period;

26                                          * * *

27          **2.**      **Exclusions**

28   We will not pay expenses for "bodily injury":

g.   **Coverage A Exclusions**

Excluded under Coverage **A.**

2.10   Commercial General Liability Coverage Form CG 00 01 (04/13) contains the following provision:

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

**1.**   We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

* * *

e.   All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

**B.**   **The Moss Action**

2.11   On July 1, 2021, Katie N. Moss ("Moss") and Cody L. MacFadyen ("MacFadyen") filed a Complaint against AMCE and Senske, in the Superior Court of the State of Washington, in and for King County, in an action styled *Katie N. Moss, et al. v. AMCE Physicians Group et al.,* Case No. 21-2-08666-3-SEA ("Moss Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

2.12   The Complaint filed in the Moss Action alleges that while performing his job duties for AMCE, Senske consumed alcohol a level of .34 BAC, got behind the wheel of his Chevrolet Tahoe, and subsequently caused a catastrophic automobile collision with Moss and MacFadyen, who sustained life altering injuries as a result.

2.13   The Complaint filed in the Moss Action alleges that as a result of the collision, Moss was initially transported to Mason General Hospital in Shelton, Washington and from there was airlifted to Harborview Medical Center.

2.14   The Complaint filed in the Moss Action alleges that as a result of the collision, MacFadyen was airlifted from the scene of the collision to Harborview Medical Center.

2.15   The Complaint filed in the Moss Action alleges that Moss and MacFayden were severely impacted and significantly injured in the collision.

1      2.16    The Complaint filed in the Moss Action asserts claims for damages

2 against Senske based on his negligent operation of a motor vehicle.

3      2.17    The Complaint filed in the Moss Action asserts claims for damages

4 against AMCE for allowing Senske to drive his motor vehicle on the public roadways and

5 based on the theory of respondeat superior.

6      2.18    Moss and MacFadyen seek an award of special damages and general

7 damages against AMCE and Senske in an amount to be proven at trial, and also seek an

8 award of any and all applicable interest on the judgment, and an award of attorney fees

9 and costs against AMCE and Senske. The amount of damages they seek is in excess of

10 $75,000.00.

11 **C.**    **Tender of Defense of the Moss Action to Atain and Atain's Response**

12      2.19    On August 11, 2021, AMCE tendered defense of the Moss Action to

13 Atain.

14      2.20    By letter dated August 19, 2021, Atain advised AMCE that it was

15 accepting the defense of the Moss Action subject to a full and complete reservation of its

16 rights to decline coverage—including any duty to defend or indemnify AMCE and

17 Senske—against the claims asserted in the Moss Action. A true and correct copy of

18 Atain's reservation of rights letter is attached as **Exhibit C**.

19      2.21    By letter dated August 19, 2021, Atain advised Senske that it was

20 accepting the defense of the Moss Action subject to a full and complete reservation of its

21 rights to decline coverage—including any duty to defend or indemnify Senske—against

22 the claims asserted in the Moss Action. A true and correct copy of Atain's reservation of

23 rights letters as sent to Senske is attached as **Exhibit D**.

24      2.22    Atain appointed separate defense counsel to represent AMCE and Senske

25 in the Moss Action and is paying for their defenses.

26 **III.   <u>CAUSES OF ACTION</u>**

27 **A.**    **First Cause of Action—No Duty to Defend Under Coverage A**

28      3.1    Atain incorporates by reference as if fully set forth herein, the allegations

in Paragraphs 1.1 through 2.22.

3.2    Moss and MacFadyen seek damages for injuries they sustained as a result of an automobile collision.

3.3    Coverage A—Bodily Injury And Property Damage Liability contains an "Auto Exclusion" that eliminates coverage for "Bodily injury" or "property damage" arising out of or in connection with any "auto."

3.4    The "Auto Exclusion" eliminates coverage for "bodily injury" or "property damage" arising out of or in connection with any "auto" whether or not owned, maintained, used, rented, leased, hired, loaned, borrowed, or entrusted to others or provided to another by any insured.

3.5    The "Auto Exclusion" in the Atain policy applies to claims asserted against any insured based on its negligence or wrongdoing in the supervision, hiring, employment, entrusting, permitting, training, or monitoring of others.

3.6    The "Auto Exclusion" in the Atain policy applies even if the claims against any insured allege direct or vicarious liability.

3.7    The "Auto Exclusion" in the Atain policy eliminates all potential for coverage for the claims asserted against AMCE and Senske in the Moss Action, under the Coverage A Bodily Injury and Property Damage Liability portion of the Atain policy, as a matter of law.

3.8    An actual controversy has arisen and now exists between Atain, on the one hand, and Defendants AMCE and Senske, on the other hand, concerning their respective rights and duties under the policies and applicable law.

3.9    Atain contends it has no duty to defend Defendants AMCE and Senske against the claims asserted in the Moss Action under the Coverage A Bodily Injury and Property Damage Liability portion of its policy as all potential for coverage for those claims is eliminated by the "Auto Exclusion."

3.10    Atain is informed and believes that Defendants AMCE and Senske, dispute Atain's coverage position and contend that Atain is obligated to afford them a

1    defense to the claims asserted in the Moss Action under this portion of the policy.

2         3.11    Atain therefore desires a judicial determination of its rights and liabilities,

3    if any, and a declaration that it has no duty to defend Defendants AMCE and Senske,

4    against the claims and causes of action asserted in the Moss Action under the Coverage A

5    Bodily Injury And Property Damage Liability portion of its policy and that it may

6    withdraw from the defense of AMCE and Senske in the Moss Action.

7         3.12    Such declaration is necessary and appropriate because Atain has no plain,

8    speedy, or adequate remedy at law, and by reason of such delay, will suffer great and

9    irreparable injury. Such a declaration is appropriate in order that Atain and Defendants

10   AMCE and Senske may ascertain their respective rights and duties under the policy. Such

11   controversy is incapable of resolution without judicial adjudication.

12   **B.    Second Cause of Action—No Duty to Indemnify Under Coverage A**

13        3.13    Atain incorporates by reference as if fully set forth herein, the allegations

14   in Paragraphs 1.1 through 3.9.

15        3.14     For the reasons set forth in Paragraphs 3.2 through 3.7 above, there is no

16   potential for coverage under the Atain policy for any of the claims asserted against

17   AMCE and/or Senske in the Moss Action under the Coverage A Bodily Injury and

18   Property Damage Liability portion of its policy. Additionally, under the terms of the

19   Supplementary Payments Provisions included in the Atain policy, Atain has no obligation

20   to pay any attorneys' fees that may be taxed against Defendants AMCE and Senske in the

21   Moss Action.

22        3.15    Atain therefore has no obligation, under the Coverage A Bodily Injury and

23   Property Damage Liability portion of its policy, to indemnify Defendants AMCE,

24   Senske, Moss or MacFadyen against any settlement that may be entered into by

25   Defendants AMCE and/or Senske with Defendants Moss and MacFadyen to resolve the

26   claims asserted in the Moss Action, or to satisfy any judgment that may be entered

27   against Defendants AMCE and/or Senske in favor of Defendants Moss and MacFadyen

28   in the Moss Action.

3.16    For the reasons set forth in Paragraphs 3.2 through 3.7 above, Atain has no obligation to indemnify Moss and MacFadyen under the Coverage A Bodily Injury and Property Damage Liability portion of its policy for the claims asserted by them against AMCE and/or Senske or satisfy any judgment they may seek to enforce against Atain based upon their claims against AMCE and/or Senske.

3.17    An actual controversy has arisen and now exists between Atain, on the one hand, and Defendants AMCE, Senske, Moss, and MacFadyen on the other hand, concerning their respective rights and duties under the policies and applicable law.

3.18    Atain contends it has no duty to indemnify any settlement that may be entered into by the parties to the Moss Action, to indemnify any judgment entered against AMCE and/or Senske in the Moss Action, or to satisfy any judgment Moss and MacFadyen may obtain against AMCE and/or Senske in the Moss Action and seek to enforce against Atain under the Coverage A Bodily Injury And Property Damage portion of the policy as all potential for coverage for those claims is eliminated by the "Auto Exclusion."

3.19    Atain is informed and believes that Defendants AMCE, Senske, Moss, and MacFadyen dispute Atain's coverage position and contend that Atain is obligated to indemnify any settlement that may be entered into by the parties to the Moss Action or to indemnify any judgment entered against AMCE and/or Senske in the Moss Action under this portion of the policy.

3.20    Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to indemnify any settlement that may be entered into by the parties to the Moss Action, to indemnify any judgment entered against AMCE and/or Senske in the Moss Action, or to indemnify any judgment Moss and/or MacFadyen may obtain against AMCE and/or Senske and seek to enforce against Atain, under the Coverage A Bodily Injury And Property Damage Liability portion of the policy

3.21    Such declaration is necessary and appropriate because Atain has no plain, speedy, or adequate remedy at law, and by reason of such delay, will suffer great and

1  irreparable injury. Such a declaration is appropriate in order that Atain and Defendants

2  AMCE, Senske, Moss and MacFadyen may ascertain their respective rights and duties

3  under the policy. Such controversy is incapable of resolution without judicial

4  adjudication.

5  **C.      Third Cause of Action—No Duty to Defend Under Coverage B**

6        3.22    Atain incorporates by reference as if fully set forth herein, the allegations

7  in Paragraphs 1.1 through 3.21.

8        3.23    Moss and MacFadyen seek damages for injuries they sustained as a result

9  of an automobile collision.

10       3.24    The Coverage B—Personal And Advertising Injury Liability portion of

11 the Atain policy provides coverage for injuries arising out of certain offenses that

12 comprise "personal and advertising injury" as that term is defined by the Atain policy.

13       3.25    The claims asserted against AMCE and Senske in the Moss Action do not

14 arise out of any of the offenses that comprise "personal and advertising injury" as that

15 term is defined by the Atain policy.

16       3.26    Because the Complaint in the Moss Action fails to assert claims for

17 damages as a result of "personal and advertising injury," those claims do not fall within

18 the scope of the Coverage B insuring agreement, and Atain has no obligation to defend

19 ACME or Senske under this portion of its policy, as a matter of law.

20       3.27    An actual controversy has arisen and now exists between Atain, on the one

21 hand, and Defendants AMCE and Senske, on the other hand, concerning their respective

22 rights and duties under the policies and applicable law.

23       3.28    Atain contends it has no duty to defend Defendants AMCE and Senske

24 against the claims asserted in the Moss Action under the Coverage B Personal And

25 Advertising Injury Liability portion of its policy as the claims asserted against them in the

26 Moss Action do not fall within the scope of the Coverage B insuring agreement.

27       3.29    Atain is informed and believes that Defendants AMCE and Senske,

28 dispute Atain's coverage position and contend that Atain is obligated to defend them

1   against the claims asserted in the Moss Action under this portion of the policy.

2        3.30    Atain therefore desires a judicial determination of its rights and liabilities,

3   if any, and a declaration that it has no duty defend AMCE or Senske under the Coverage

4   B portion of the policy.

5        3.31    Such declaration is necessary and appropriate because Atain has no plain,

6   speedy, or adequate remedy at law, and by reason of such delay, will suffer great and

7   irreparable injury. Such a declaration is appropriate in order that Atain and Defendants

8   AMCE and Senske may ascertain their respective rights and duties under the policy. Such

9   controversy is incapable of resolution without judicial adjudication.

10   **D.**     **Fourth Cause of Action—No Duty to Indemnify Under Coverage B**

11        3.32    Atain incorporates by reference as if fully set forth herein, the allegations

12   in Paragraphs 1.1 through 3.31.

13        3.33    For the reasons set forth in Paragraphs 3.23 through 3.26 above, there is

14   no potential for coverage under the Atain policy for any of the claims asserted against

15   AMCE and/or Senske in the Moss Action under the Coverage B Personal And

16   Advertising Injury Liability portion of its policy. Additionally, under the terms of the

17   Supplementary Payments Provisions included in the Atain policy, Atain has no obligation

18   to pay any attorneys' fees that may be taxed against Defendants AMCE and Senske in the

19   Moss Action.

20        3.34    Atain therefore has no obligation, under the Coverage B Personal And

21   Advertising Injury Liability portion of its policy, to indemnify Defendants AMCE,

22   Senske, Moss or MacFadyen against any settlement that may be entered into by

23   Defendants AMCE and Senske with Defendants Moss and MacFadyen to resolve the

24   claims asserted in the Moss Action, or to satisfy any judgment that may be entered

25   against Defendants AMCE and Senske in favor of Defendants Moss and MacFadyen in

26   the Moss Action.

27        3.35    For the reasons set forth in Paragraphs 3.23 through 3.26 above, Atain has

28   no obligation to indemnify Moss and MacFadyen under the Coverage B Personal And

Advertising Injury Liability portion of its policy for the claims asserted by them against AMCE and/or Senske or satisfy any settlement or judgment they may seek to enforce against Atain based upon their claims against AMCE or Senske.

3.36     An actual controversy has arisen and now exists between Atain, on the one hand, and Defendants AMCE, Senske, Moss, and MacFadyen on the other hand, concerning their respective rights and duties under the policies and applicable law.

3.37     Atain contends it has no duty to indemnify any settlement that may be entered into by the parties to the Moss Action, to indemnify any judgment entered against AMCE and/or Senske in the Moss Action, or to satisfy any judgment Moss and MacFadyen may obtain against AMCE and/or Senske in the Moss Action and seek to enforce against Atain under the Coverage B Personal And Advertising Injury Liability portion of the policy as all potential for coverage for those claims is eliminated by the "Auto Exclusion."

3.38     Atain is informed and believes that Defendants AMCE, Senske, Moss, and MacFadyen dispute Atain's coverage position and contend that Atain is obligated to indemnify any settlement that may be entered into by the parties to the Moss Action or to indemnify any judgment entered against AMCE and/or Senske in the Moss Action under this portion of the policy.

3.39     Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to indemnify any settlement that may be entered into by the parties to the Moss Action, to indemnify any judgment entered against AMCE and/or Senske in the Moss Action, or to indemnify any judgment Moss and/or MacFadyen may obtain against AMCE and/or Senske and seek to enforce against Atain, under the Coverage B Personal And Advertising Injury Liability portion of the policy

3.40     Such declaration is necessary and appropriate because Atain has no plain, speedy, or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury. Such a declaration is appropriate in order that Atain and Defendants AMCE, Senske, Moss, and MacFadyen may ascertain their respective rights and duties

1    under the policy. Such controversy is incapable of resolution without judicial

2    adjudication.

3    **E.     Fifth Cause of Action—No Duty to Pay Benefits Under Coverage C**

4          3.41    Atain incorporates by reference as if fully set forth herein, the allegations

5    in Paragraphs 1.1 through 3.40.

6          3.42    The Atain policy affords coverage for medical expenses for "bodily

7    injury" caused by an accident because of AMCE's operations, subject to the exclusions

8    set forth under Coverage A.

9          3.43    As set forth under Paragraph 3.2 through 3.7 above, the Coverage A

10   exclusions eliminate all coverage for "bodily injury" arising out of or in connection with

11   any "auto," Atain has no obligation to pay benefits to Moss or MacFadyen under

12   Coverage C.

13         3.44    An actual controversy has arisen and now exists between Atain, on the one

14   hand, and Defendants AMCE, Senske, Moss, and MacFadyen on the other hand,

15   concerning their respective rights and duties under the policies and applicable law with

16   respect to Coverage C.

17         3.45    Atain contends it has no duty to pay benefits to Moss or MacFadyen under

18   Coverage C, as all potential coverage under this portion of the policy is eliminated by

19   Exclusion g, which incorporates by reference the "Auto Exclusion" under Coverage A.

20         3.46    Atain is informed and believes that Defendants AMCE, Senske, Moss and

21   MacFadyen dispute Atain's coverage position and contend that Atain is obligated to pay

22   benefits under Coverage C for the "bodily injury" sustained by Moss and MacFadyen as a

23   result of the collision.

24         3.47    Atain therefore desires a judicial determination of its rights and liabilities,

25   if any, and a declaration that it has no duty to pay medical benefits under the Coverage C

26   portion of its policy.

27         3.48    Such declaration is necessary and appropriate because Atain has no plain,

28   speedy, or adequate remedy at law, and by reason of such delay, will suffer great and

1    irreparable injury. Such a declaration is appropriate in order that Atain and Defendants

2    AMCE, Senske, Moss, and MacFadyen may ascertain their respective rights and duties

3    under the Coverage C portion of the policy. Such controversy is incapable of resolution

4    without judicial adjudication.

5                              **PRAYER FOR RELIEF**

6            WHEREFORE, plaintiff Atain prays for relief as follows:

7       A.      Under the First Cause of Action, for a declaration in its favor that Atain

8               has no obligation to defend AMCE or Senske against the claims asserted

9               in the Moss Action under the Coverage A portion of Policy No.

10              CIP387592, and may withdraw from the defense of the Moss Action;

11      B.      Under the Second Cause of Action, for a declaration in its favor that Atain

12              has no obligation, under the Coverage A portion of its policy, to indemnify

13              Defendants AMCE, Senske, Moss or MacFadyen against any settlement

14              that may be entered into by the parties to the Moss Action, to satisfy any

15              judgment that may be entered against Defendants AMCE and/or Senske in

16              favor of Defendants Moss and/or MacFadyen in the Moss Action, or to

17              satisfy any judgment Moss and/or MacFadyen may obtain in the Moss

18              Action and seek to enforced against Atain;

19      C.      Under the Third Cause of Action, for a declaration in its favor that Atain

20              has no obligation to defend AMCE or Senske against the claims asserted

21              in the Moss Action under the Coverage B portion of Policy No.

22              CIP387592, and may withdraw from the defense of the Moss Action;

23      D.      Under the Fourth Cause of Action, for a declaration in its favor that Atain

24              has no obligation, under the Coverage B portion of its policy, to indemnify

25              Defendants AMCE, Senske, Moss or MacFadyen against any settlement

26              that may be entered into by the parties to the Moss Action, to satisfy any

27              judgment that may be entered against Defendants AMCE and/or Senske in

28              favor of Defendants Moss and/or MacFadyen in the Moss Action, or to

1    satisfy any judgment Moss and/or MacFadyen may obtain in the Moss

2    Action and seek to enforced against Atain;

3    E.    Under the Fifth Cause of Action, that Atain has no obligation to pay

4    medical benefits to Moss or MacFadyen under the Coverage C portion of

5    the policy;

6    F.    For costs and attorney fees to the extent permitted by law; and

7    G.    For such other and further relief as this court may deem just and equitable.

8    Dated: September 17, 2021          **MOKRI VANIS & JONES, LLP**

9

10                                    _/s/ GailAnn Y. Stargardter_
                                      GailAnn Y. Stargardter (Bar No. 18179)
11                                    4100 Newport Place Drive, Suite 840
                                      Newport Beach, CA 92660
12                                    T:: 949-226-7040/ F: 949.226-7150 Email:
                                      gstargardter@mvjllp.com
13
                                      Attorneys for Plaintiff
14                                    ATAIN SPECIALTY INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28